IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NVIDIA CORP. AND NVIDIA U.S. INVESTMENT COMP.,<br><br>       Petitioners and Real Parties in Interest,<br><br>  v.<br><br>U.S. BANKRUPTCY COURT FOR THE NORTHEN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION,<br><br>       Respondent,<br><br>and<br><br>WILLIAM A. BRAND, JR., Trustee,<br><br>       Real Party in Interest.<br>_____/ | NO. C 06-MC-80195 JW<br><br>**ORDER GRANTING NVIDIA'S MOTION FOR A STAY PENDING PETITION FOR WRIT OF MANDAMUS REGARDING ORDER COMPELLING PRODUCTION OF PRIVILEGED DOCUMENTS** |

      On June 7, 2006, the Bankruptcy Court entered an order granting in part a motion brought by the bankruptcy Trustee of 3dfx Interactive, Inc. to compel the production of nVidia's attorney-client privileged documents ("the Order"). nVidia immediately sought leave to appeal the Order and then filed a petition, with this Court, for writ of mandamus regarding the Order. On July 11, 2006, nVidia sought a stay of the Order pending appeal which was denied by the Bankruptcy Court. Before this Court is nVidia's motion for an order staying enforcement of the Bankruptcy Court's Order pending its petition for writ of mandamus.

A motion for a discretionary stay under Rule 8005 of the Federal Rules of Bankruptcy Procedure is evaluated under standards similar to that of a motion for a preliminary injunction: "[A]ppellants must show: (1) a likelihood of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in its favor." <u>Southwest Voter Registration Education Project v. Shelley</u>, 344 F.3d 914, 917 (9th Cir. 2003) (en banc, per curiam); <u>Roe v. Anderson</u>, 134 F.3d 1400, 1401-1402 (9th Cir. 1998).

Applying the above standards, the Court finds that a stay is warranted because there are important questions going to the merits of the appeal and that the balance of hardships tips sharply in nVidia's favor. The Court is being asked to review the Bankruptcy Court's determination that the crime-fraud exception to attorney-client privilege applies to the documents in question. Whether the Trustee has made a prima facie showing that nVidia's creation and purported concealment of a "secret escrow account" for the supposed "purpose of avoiding payment to 3dfx's creditors" is an important question in determining whether the crime-fraud exception applies. This goes directly to the merits of nVidia's appeal. The hardship nVidia faces in the absence of a stay is clear; once pierced, nVidia's privilege would be destroyed permanently and thus, nVidia would suffer irreparable consequences. In contrast, a stay is not likely to cause the Trustee severe hardship since the only effect it may have is a slight delay.

According, the Court GRANTS nVidia's Emergency Motion for a Stay Pending Petition for Writ of Mandamus. The Bankruptcy Court shall stay its "Crime-Fraud Order" until this Court rules on the petition for writ of mandamus.

Dated: August 3, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James N. Kramer
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669

United States Bankruptcy Court
280 South First Street, 3rd Floor
San Jose, CA 95113

**Dated: August 3, 2006**                    **Richard W. Wieking, Clerk**


                                             **By:   /s/ JW Chambers                       **
                                                   **Courtroom Deputy**